IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| J.A.V., *et al.*,<br><br>*Petitioners–Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>*Respondents–Defendants.* | Case No. 1:25-CV-072<br><br>**PETITIONERS-PLAINTIFFS' EMERGENCY MOTION TO UNSEAL CISNEROS DECLARATION** |

**PETITIONERS-PLAINTIFFS' EMERGENCY OPPOSED MOTION TO UNSEAL CISNEROS DECLARATION**[1]

Petitioners-Plaintiffs ("Petitioners") respectfully request that the Court unseal the Declaration of Assistant Field Office Director, Carlos D. Cisneros, that was supposed to be filed under seal in connection with ECF No. 45 (Exhibit D), but was provided via email to the Court and Petitioners at 2:13pm CDT on April 23, 2025. In that declaration, the government describes, for the first time in detail, the procedures that it claims to be providing to individuals who are designated for removal under the Alien Enemies Act ("AEA"). The Cisneros Declaration includes vital information such as what detainees must do and in what timeframe in order to request review before they are removed. This Declaration therefore contains information relevant to any individual who might be subject to the AEA, any immigration counsel, and the public more

---

[1] Pursuant to LR7.1(D), Petitioners' counsel contacted counsel for Respondents who stated they oppose the motion and believe the Court should resolve it at the hearing on April 24, 2025. As noted below, Petitioners maintain that the Court should grant this motion to unseal the declaration in advance of the hearing for the reasons explained herein.

1

broadly. The Declaration asserts, without support, that the notice process "is law enforcement sensitive." That is insufficient to justify sealing the Declaration, especially in this context.

As the Fifth Circuit and Supreme Court have made clear: "The public 'has a common law right to inspect and copy judicial records.'" *Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020) (citing *SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993)); *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978) ("[T]he courts of this country recognize a general right to inspect and copy . . . judicial records and documents."). "This right 'promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness[, and] serves as a check on the integrity of the system.'" *Bradley*, 954 F.3d at 224 (citing *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017)). There is thus a "presumption in favor of access." *Id*. at 225.

There are multiple factors that weigh heavily in favor of access to the Cisneros Declaration. First, the content of the declaration involves "public officials and matters of legitimate public concern," *id*. at 229, namely, the government's policy and practice in exercising an unprecedented wartime power outside the context of war and against an entity that is not a foreign government or nation. The summary removals of Venezuelan detainees pursuant to the President's Proclamation and invocation of the AEA is a matter of great public concern. Second, the information provided in the declaration is directly relevant to any Venezuelan noncitizen over the age of 14 in the United States who could be subjected to the Proclamation, as well as attorneys who may represent them. While the government claims to be providing sufficient notice and a reasonable opportunity to seek judicial review, it has filed under seal information directly relevant to how any individual is expected to avail themself of this process. This information is not only of a public nature and of legitimate public concern, it would *hurt* litigants' and "public confidence" to allow the government

to conceal its contents, especially when it goes directly to matters being litigated in multiple courts, including at the Supreme Court. *See Salcido as Next Friend of K.L. v. Harris Cnty., Texas*, No. CV H-15-2155, 2018 WL 4690276, at *56 (S.D. Tex. Sept. 28, 2018); *see also Van Waeyenberghe*, 990 F.2d at 850 (discussing member of the public's interest in the subject matter of litigation). The government cannot assert in a single conclusory sentence that the declaration is "law enforcement sensitive" since the document does not "reveal confidential investigative methods, thought processes, or jeopardize an ongoing or future investigation." *Aldridge on Behalf of United States v. Cain*, No. 1:16-CV-369 HTW-LRA, 2018 WL 1162252, at *7 (S.D. Miss. Mar. 4, 2018) (collecting cases).

Because of the factors weighing in favor of the disclosure and the government's lack of justification for keeping it under seal, Petitioners respectfully move to unseal the Cisneros Declaration as soon as possible and before tomorrow so it can be discussed at the public hearing on April 24, 2025.

Dated: April 23, 2025

Noelle Smith
Oscar Sarabia Roman
My Khanh Ngo
Cody Wofsy*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
nsmith@aclu.org
osarabia@aclu.org
mngo@aclu.org
cwofsy@aclu.org

Respectfully submitted,

*/s/ Lee Gelernt*
Lee Gelernt
Daniel Galindo
Ashley Gorski
Patrick Toomey
Sidra Mahfooz
Omar Jadwat
Hina Shamsi
AMERICAN CIVIL LIBERTIES UNION FOUNDATION,
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org

Adriana Piñon
TX State Bar No: 24089768; SDTX No. 1829959
Savannah Kumar
TX State Bar No.: 24120098; SDTX admission pending
Charelle Lett
TX State Bar No.: 24139900; SDTX No. 3908204
Thomas Buser-Clancy
TX State Bar No: 24078344; SDTX No. 1671940
ACLU FOUNDATION OF TEXAS, INC.
P.O. Box 8306,
Houston, TX 77288
(713) 942-8146
apinon@aclutx.org
skumar@aclutx.org
clett@aclutx.org
tbuser-clancy@aclutx.org

dgalindo@aclu.org
agorski@aclu.org
ptoomey@aclu.org
smahfooz@aclu.org
ojadwat@aclu.org
hshamsi@aclu.org

*Attorneys for Petitioners-Plaintiffs*
*\*Pro hac vice application forthcoming*

4

## CERTIFICATE OF SERVICE

I certify that on April 23, 2025, a true and correct copy of the foregoing document was electronically filed via the Court's CM/ECF system which sends notice of electronic filing to all counsel of record.

/s/ *Lee Gelernt*
Lee Gelernt
AMERICAN CIVIL LIBERTIES UNION FOUNDATION,
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org