Case 1:25-cv-00072   Document 50   Filed on 04/24/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
April 24, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| J.A.V., *et al.*, | § | |
| | § | |
| Petitioners, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:25-CV-072 |
| | § | |
| DONALD J. TRUMP, *et al.*, | § | |
| | § | |
| Respondents. | § | |

# **TEMPORARY RESTRAINING ORDER**[1]

According to the Class Petition for Writ of Habeas Corpus and Class Complaint (Doc. 1), Petitioners J.A.V., J.G.G., and W.G.H. are natives of Venezuela who are currently being held at the El Valle Detention Center in Raymondville, Texas.

On March 14, 2025, the President of the United States issued Proclamation No. 10903, finding and declaring "that all Venezuelan citizens 14 years of age or older who are members of TdA [Tren de Aragua], are within the United States, and are not actually naturalized or lawful permanent residents of the United States are liable to be apprehended, restrained, secured, and removed as Alien Enemies." Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren de Aragua, 90 Fed. Reg. 13033 (March 14, 2025). Petitioners allege that on March 15, Respondents attempted to remove them from the United States based on the Proclamation, and that Respondents will summarily remove them absent emergency injunctive relief prohibiting their removal.

Filing their Petition under 28 U.S.C. § 2241, the Petitioners request that the Court issue a Temporary Restraining Order prohibiting the Respondents from removing them and any other

---

[1] This Temporary Restraining Order (Doc. 50) supersedes the Temporary Restraining Order (Doc. 34) that the Court issued on April 11, 2025. The previous Temporary Restraining Orders (Docs. 12, 34) are vacated. The Court finds good cause to extend the term of the Temporary Restraining Order to permit the Court to rule on the pending Motion for Preliminary Injunction (Doc. 42).

Venezuelan citizen being held in the Southern District of Texas and who Respondents claim are subject to the Proclamation. (Motion for TRO, Doc. 3)

Based on the allegations in the Petition, which is accompanied by sworn Declarations from immigration counsel for the named Petitioners, and solely for purposes of determining whether to issue a Temporary Restraining Order, the Court finds that evidence supports the following preliminary findings:

1. J.A.V., J.G.G., and W.G.H. are natives of Venezuela who are currently being held at the El Valle Detention Center in Raymondville, Texas, within the jurisdiction of the Southern District of Texas;

2. No Immigration Court has issued a final order of removal against J.A.V, J.G.G., or W.G.H.;

3. The Respondents have attempted on at least one occasion to remove J.A.V, J.G.G., and W.G.H. from the United States based solely on the Proclamation; and

4. Absent emergency injunctive relief, a substantial likelihood exists that the Respondents will remove individuals whom the Respondents may claim are subject to the Proclamation and to removal under the Alien Enemies Act, and who are detained within the jurisdiction of the Southern District of Texas, from the United States.

"A federal court has the power under the All Writs Act to issue injunctive orders in a case even before the court's jurisdiction has been established. When potential jurisdiction exists, a federal court may issue status quo orders to ensure that once its jurisdiction is shown to exist, the court will be in a position to exercise it." *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 n.19 (5th Cir. 1978).

The Supreme Court has established that individuals detained under the Alien Enemies Act "must receive notice . . . that they are subject to removal under the Act[,]" and the "notice must be afforded within a reasonable time and in such a manner as will allow them to actually seek habeas

relief in the proper venue before such removal occurs." *Trump v. J. G. G.*, 604 U.S. —, 2025 WL 1024097, at *2 (Apr. 7, 2025). In the present matter, the Court finds that the removal of any individual by the United States based on the Proclamation and the Alien Enemies Act would cause immediate and irreparable injury to the removed individuals, as they would be unable to seek habeas relief. *See Nieto-Ramirez v. Holder*, 583 F. App'x 330, 331 (5th Cir. 2014) (finding that habeas petition which challenged the denial of bond by the immigration judge was mooted by the detainee's subsequent removal). Furthermore, if the United States erroneously removed an individual to another country based on the Proclamation, a substantial likelihood exists that the individual could not be returned to the United States. *See Abrego Garcia v. Noem*, No. 25-1345, 2025 WL 1021113, at *4 (4th Cir. Apr. 7, 2025) (Thacker, J., concurring) (noting the United States' argument that a district court lacks the jurisdiction to compel the Executive Branch to return an erroneously-removed alien to the United States).

The Court finds that maintaining the status quo is required to afford the Court the ability to consider the request for a preliminary injunction and other forms of relief, as presented in the Class Petition for Writ of Habeas Corpus, and to prevent the immediate and irreparable injury that may occur with the immediate removal of any Venezuelan alien subject to the Proclamation and within the jurisdiction of this Court.

Accordingly, pursuant to Federal Rule of Civil Procedure 65, it is **ORDERED THAT**:

With respect to any person that Respondents designate as an alien enemy under 50 U.S.C. § 21 and who is detained within the Southern District of Texas, Respondents are enjoined from transferring, relocating, deporting, or removing such person outside of the Southern District of Texas, without an Order from the Court.

This Temporary Restraining Order shall expire on the earlier of noon (central time) on Friday, May 2, 2025, or by Order of the Court.

This Temporary Restraining Order does not apply to or enjoin Respondent Donald J. Trump. *See Franklin v. Massachusetts*, 505 U.S. 788, 802 (1992).

This Temporary Restraining Order does not prohibit any Respondent from effectuating the removal of any person pursuant to an administratively final removal order issued under Title 8 of the United States Code.

Based on the record and the applicable law, the Court also finds that no security is required at this time under Federal Rule of Civil Procedure 65(c). *See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (noting that a court "may elect to require no security at all" under Rule 65(c)).

Issued on April 24, 2025 at 4:15 p.m. (central time).

*Fernando Rodriguez, Jr.*
Fernando Rodriguez, Jr.
United States District Judge